IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 10-21 |
| ) | Judge Alan N. Bloch/ |
| U.S. MARSHAL; U.S. MARSHAL'S ) | Chief U.S. Magistrate Judge Amy Reynolds Hay |
| SERVICE, ) | |
|     Defendants ) | |

### REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully recommended that the Plaintiff's application for leave to proceed in forma pauperis (Doc. 1) be denied.

**REPORT**

Purcell Bronson, previously having been incarcerated within this District and having been transferred out of this District for some time, now finds himself again incarcerated within this District at SCI-Mahanoy, courtesy the Pennsylvania Department of Corrections. Plaintiff's current civil rights complaint attacks the United States Marshal and the United States Marshal's Service for their purported failure to serve process in another of his cases, i.e., Bronson v. Lamb, No. 09-225 (W.D. Pa.).

Plaintiff seeks to proceed as a pauper. Because he has acquired at least three strikes, however, Plaintiff's motion to proceed in forma pauperis ("IFP") must be denied.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The

applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

Plaintiff has indeed accumulated at least three strikes. See, e.g.,Bronson v. Beaven, No. 08-3981 (3d Cir. Order filed Feb. 26, 2009 denying Petitioner leave to proceed IFP on appeal because "Bronson has had at least three cases dismissed as frivolous. See C.A. 97-3056,[3] 96-

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

[3] Bronson v. Edwards, No. 97-3056 (3d Cir. Order of 5/27/1997 dismissing appeal as frivolous).

7771[4] and 93-3307.[5]"). As well, Plaintiff has not alleged anything in the complaint that would merit the grant of IFP notwithstanding his three strikes. Accordingly, the IFP motion is properly denied.

If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 within a time certain or face dismissal of the complaint for failure to prosecute.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 8 February, 2010

cc:   The Honorable Alan N. Bloch
      United States District Judge

---

[4] Bronson v. Newfield, No. 96-7771 (3d Cir. Order of 6/18/1997 dismissing appeal as frivolous).

[5] Bronson v. Stapleton, No. 93-3307 (3d Cir. Order of 12/28/1993 dismissing appeal pursuant to 28 U.S.C. § 1915(d)).

Purcell Bronson
AF-8163
SCI Mahanoy
301 Morea Road
Frackville, PA 17932